Filed 3/14/23  Robertson v. Guitar Center, Inc. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JAN ROBERTSON, | B311513 |
| Plaintiff and Respondent, | Los Angeles County<br>Super. Ct. No. 19STCV41746 |
| v. | |
| GUITAR CENTER, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stuart M. Rice, Judge.  Affirmed.

Littler Mendelson, Jim E. Hart, James P. Van, Robert W. Conti and Charles Cannizarro for Defendant and Appellant.

Lavi & Ebrahimian, N. Nick Ebrahimian, Jordan D. Bello and Tielle Shu for Plaintiff and Respondent.

————————————

Guitar Center, Inc. appeals an order denying its bid to arbitrate a dispute with a former employee. Because the company failed to establish this former employee assented to its agreement, we affirm.

I

Jan Robertson started working for Guitar Center in May 2012. She claims the company discriminated against her because of a disability and wrongfully terminated her in November 2018. Thereafter she sued.

Guitar Center moved to compel the dispute to arbitration. It argued there was a valid arbitration agreement between the parties covering the dispute, the agreement is not unconscionable, and the arbitrator should decide gateway issues of arbitrability.

In support, Guitar Center filed the declaration of its Director of Human Resources *as of April 2020*, Kristin Jaramillo. The declaration never says when Jaramillo assumed this role. But later filings show she joined the company in 2017, and Guitar Center does not deny this.

Jaramillo briefly discussed Guitar Center's online management system used for employee training and for "acknowledgment of Company policies and procedures." She explained employees first access this system by setting up an individual account using their unique employee identification number and a password of choice. Jaramillo declared no other employee had access to Robertson's password (or any reset password) during Robertson's employment.

According to Jaramillo, business records show Robertson completed an "Arbitration Program Agreement Module" through

the company's system on December 15, 2015.  Jaramillo says the module prompted Robertson to review slides about the arbitration agreement before reviewing the agreement.

The declaration then states:

"8.    At the conclusion of the module, Plaintiff then reviewed the Arbitration Program Agreement ('Arbitration Agreement').  Employees are provided as much time as they would like to review or ask questions about the Arbitration Agreement.  Plaintiff then acknowledged her receipt and understanding of the Arbitration Agreement by selecting the 'I Agree and Accept' option from a drop down menu, and electronically signing the Arbitration Agreement by typing her employee username and unique password.

"9.    A true and correct copy of screenshots demonstrating Plaintiff successfully completed the Arbitration Program Agreement Module and electronically signed the Arbitration agreement is attached hereto as **Exhibit B.**"

The declaration goes on to describe or quote parts of the arbitration agreement.

Jaramillo's declaration states she reviewed "certain personnel records" for Robertson.  But it does not explain how Jaramillo acquired knowledge regarding specific acts Robertson took in 2015 (before Jaramillo joined the company) or regarding company policies and procedures from this period.  Nor does it explain whether other people at the company could access Robertson's account or alter information about Robertson in Guitar Center's management system.

The declaration purports to attach the arbitration agreement between Guitar Center and Robertson.  The document is a three-page form with no signature and no signature line.

3

The form shows it was revised in November 2015 but is otherwise undated.  There is nothing on the document tying it to Robertson or showing anyone electronically signed it.

Jaramillo's declaration also attaches slides from an arbitration training module, screenshots, and a certificate.

The last slide states:  "You have completed the module portion of this course and will now need to complete the **sign-off portion**.  To do this, after closing this module by clicking the exit button, you will need to launch the '**Arbitration Program Agreement**' PDF which is the next activity in this course.  [¶] After reading the PDF and closing it, you will be asked if you understand the information and be prompted for your eSignature.  This course will remain incomplete until the '**Arbitration Program Agreement**' PDF activity is completed, and your eSignature is collected."

The screenshots show the completion status for the arbitration agreement modules for Robertson as "Successful."  They show each "Lesson" was "Completed" or "Passed," the date the lesson was accessed last (December 15, 2015), and the time spent on it.  Jaramillo's declaration does not explain the screenshots.  Instead, it simply concludes they demonstrate Robertson successfully completed the module and electronically signed the agreement.

Finally, the "Certificate of Achievement" for "Arbitration Information and Sign Off Course" bears Robertson's printed name but no date.  Jaramillo's declaration does not mention the certificate.

Robertson opposed Guitar Center's motion.  She argued, among other things, the company failed to establish she had accepted or electronically signed the arbitration agreement and

4

failed to meet its burden of establishing a valid agreement. She noted Jaramillo started working for Guitar Center in 2017, so her declaration lacked foundation and was based on speculation about events and company procedures in 2015.

Robertson's declaration states she was told in December 2015 that she had to complete an arbitration training course to receive her next paycheck but was not provided guidance on the module or its contents. Robertson recalled viewing the arbitration training module but "[did] not remember that the arbitration agreement . . . was presented as part of the SABA arbitration training module or that I specifically had to agree or sign any document as part of the training module. The module merely continued until it was completed." Robertson declared she "completed the module because I understood that it was required to get my paycheck and to continue employment."

Robertson's declaration goes on to say she would not have completed the module or entered into any arbitration agreement if given a choice and did not intend to agree to "this arrangement" where her disputes would be decided by a person paid by Guitar Center according to arbitration rules that were not provided to her.

Guitar Center filed a reply brief but no additional evidence.

The trial court denied Guitar Center's motion, concluding it had failed to prove a binding arbitration agreement and Jaramillo's declaration and exhibits did not establish Robertson had electronically signed the agreement. The court also determined it had jurisdiction to decide these issues.

## II

These rulings are correct.

The parties dispute our standard of review.

5

Where the issue is a question of law or contract interpretation, our review is independent. (*Sandoval-Ryan v. Oleander Holdings LLC* (2020) 58 Cal.App.5th 217, 222; *Espejo v. Southern Cal. Permanente Medical Group* (2016) 246 Cal.App.4th 1047, 1056–1057 (*Espejo*).) Beyond this, some courts say we review orders refusing arbitration for abuse of discretion. (*Id*.) Some say the main issue of whether an arbitration agreement exists is one we review for substantial evidence, where the facts are disputed. (E.g., *Bannister v. Marinidence Opco, LLC* (2021) 64 Cal.App.5th 541, 544–545.) Still other courts say we decide whether the trial court's finding is erroneous as a matter of law. (See id. at p. 545, fn. 1; *Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 166–167 (*Gamboa*).)

Guitar Center contends we independently review all aspects of the appeal because the facts are undisputed. Its witness (Jaramillo) asserts Robertson electronically signed the arbitration agreement after completing the module. Robertson maintains she simply finished the module and implies she never went on to see or sign an agreement. These are disputed facts.

Nonetheless, we would affirm under any standard. Before explaining why, we address the parties' jurisdictional dispute.

A

Guitar Center incorrectly argues the main issue—whether the parties entered into an agreement to arbitrate—was for the arbitrator to decide, not the trial court. The court was correct to reach this issue.

Under the Federal Arbitration Act (the Act) and state law, the court was required to reach this issue. Guitar Center maintains the Act applies, and Robertson does not dispute this.

6

The Act provides, with our emphasis:  "If the making of the arbitration agreement . . . be in issue, *the court* shall proceed summarily to the trial thereof."  (9 U.S.C. § 4.)  Similarly, California law provides that "*the court* shall order the petitioner and the respondent to arbitrate the controversy *if it determines that an agreement to arbitrate the controversy exists*[.]"  (Code Civ. Proc., § 1281.2, italics added.)

Guitar Center points to the arbitration rules incorporated into its agreement.  These rules, the American Arbitration Association's Employment Arbitration Rules, empower the arbitrator to hear disputes regarding jurisdiction; they do not require it.  (See *Nelson v. Dual Diagnosis Treatment Center, Inc.* (2022) 77 Cal.App.5th 643, 657 [not enough to find an agreement provides arbitrators with power to decide their own jurisdiction].)

Guitar Center notes its agreement covers "all disputes" (but a handful) and *on appeal only* emphasizes the following language in its agreement:  "Except as provided above . . . , the arbitrator exclusively will decide questions of enforceability and arbitrability, as well as procedural questions arising out of the dispute."  Assuming Guitar Center has not forfeited this point, this language is not sufficient to strip away the trial court's power to determine whether the parties entered into an agreement in the first place.  This main issue of formation is different from whether a particular grievance should go to arbitration or whether an existing agreement should be enforced. (See *Trinity v. Life Insurance Co. of North America* (2022) 78 Cal.App.5th 1111, 1122 (*Trinity*) [a court must consider a party's claim it never agreed to an arbitration clause "[n]otwithstanding a provision that clearly and unmistakably delegates arbitrability issues to the arbitrator"]; *Mendoza v. Trans Valley*

7

*Transportation* (2022) 75 Cal.App.5th 748, 774–776 [collecting cases and stating: "courts have held that certain gateway issues are for a court to decide, including whether the parties entered into an agreement to arbitrate at all" despite the existence of a broadly worded delegation clause].)

This result makes sense as "[l]ogically, parties cannot be compelled to go before an arbitrator without an independent decision maker—the court—first deciding they have consented to go before that decision maker." (*Sandquist v. Lebo Automotive, Inc.* (2016) 1 Cal.5th 233, 259; see also *Ahlstrom v. DHI Mortgage Co., Ltd., L.P.* (9th Cir. 2021) 21 F.4th 631, 635 ["a court should order arbitration only if it is convinced an agreement has been formed. [Citations] [¶] . . . [¶] . . . If no agreement to arbitrate was formed, then there is no basis upon which to compel arbitration."].)

Guitar Center cites federal cases but fails to note the United States Supreme Court recently addressed this issue favorably to Robertson:

> This Court has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by "clear and unmistakable" evidence. [Citations] *To be sure, before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists.* See 9 U.S.C. § 2. But if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue.

(*Henry Schein, Inc. v. Archer & White Sales, Inc.* (2019) ___ U.S. ___, ___ [139 S.Ct. 524, 530, 202 L.Ed.2d 480, italics added].)  In

other words, the court must decide whether the parties entered into an arbitration agreement, no matter what.

Other language in Guitar Center's agreement bolsters our conclusion the trial court properly reached the main issue. As Robertson notes, the agreement carves out disputes involving equitable relief as excluded from arbitration, and "[a] petition to compel arbitration is a suit in equity seeking specific performance of an arbitration agreement." (*Espejo, supra,* 246 Cal.App.4th at p. 1057.) As mentioned above, establishing an agreement exists is a statutory prerequisite to compelling arbitration. (See 9 U.S.C. § 4; Code Civ. Proc., § 1281.2; *Rosenthal v. Great Western Financial Securities Corp.* (1996) 14 Cal.4th 394, 413.)

Guitar Center's position that the trial court lacked jurisdiction to consider the main issue also contradicts its position at the trial court, where it repeatedly told the court Guitar Center's burden was to prove an arbitration agreement exists and the court's duty was to determine whether an agreement exists.

We therefore proceed to the main issue.

## B

The trial court's ruling on this issue is correct.

California law governs. (See *Metters v. Ralphs Grocery Co.* (2008) 161 Cal.App.4th 696, 701 [federal policy favoring arbitration not in play until a court has found the parties entered into a valid contract under state law].)

In California, the party seeking arbitration bears the burden of proving the existence of an arbitration agreement. (*Ruiz v. Moss Brothers Auto Group* (2014) 232 Cal.App.4th 836, 842 (*Ruiz*).)

Robertson maintained Guitar Center failed to prove an agreement, as it failed to establish she signed, or even saw, the agreement. She is correct. Guitar Center did not carry its burden. (See *Gamboa, supra*, 72 Cal.App.5th at pp. 164–165 [outlining the summary process for resolving motions to compel arbitration].)

Robertson sufficiently challenged the authenticity of the agreement. (See *Gamboa, supra*, 72 Cal.App.5th at p. 168 [declaring one does not remember an arbitration agreement suffices].) She admitted completing the arbitration training module but denied any recollection of taking the next step: accessing and signing an arbitration agreement. Guitar Center's slides show these steps were separate. Robertson's position was she did not go on to the next step. Instead of countering Robertson, Guitar Center relied on the initial conclusory statements of an employee who was not at the company when the supposed agreement was made.

The trial court did not err in giving little weight to Jaramillo's statements. The court's conclusion the evidence showed Robertson completed the module portion and nothing more is consistent with Robertson's declaration and is sound.

While Jaramillo states she reviewed some of Robertson's personnel records, she outlines no basis for knowing about Robertson's specific acts in 2015 concerning the arbitration training and agreement. Jaramillo's brief statements regarding these acts are conclusory: she states Robertson electronically signed the agreement without explaining how she was able to ascertain it was Robertson who signed. Her description of the signature process is summary. Jaramillo says nothing about the completion certificate attached to her declaration; and nothing

10

shows when and how this certificate or the screen shots were generated or retrieved. She does not say whether she is familiar with the company's policies and procedures in 2015. She also fails to address whether, in 2015 or later, other Guitar Center employees could access and alter Robertson's information in the company's management system or in Robertson's account.

The holes in Jaramillo's declaration means Guitar Center's evidence does not settle the issue of whether Robertson electronically signed the arbitration agreement. (See *Ruiz*, *supra*, 232 Cal.App.4th at p. 844 [relying on a company declarant's "unsupported assertion" the plaintiff was the person who electronically signed an agreement is insufficient where the plaintiff does not recall signing it]; *Trinity*, *supra*, 78 Cal.App.5th at p. 1125 [company declarant failed to establish former employee executed an acknowledgement form where the declarant "had no understanding of how the acknowledgement records were generated, stored or retrieved, including who had access to the records and whether they could be manually created or altered"].)

Contrary to Guitar Center's arguments, the trial court was minding these evidentiary holes, not ignoring evidence. And Robertson did not admit to electronically signing the agreement, as Guitar Center argues.

Guitar Center faults the trial court for looking in vain for an electronic signature and maintains the law does not require a signature. But the trial court did this in response to Guitar Center's argument and Jaramillo's statement that Robertson electronically signed the company's agreement. Guitar Center argued it had authenticated Robertson's electronic signature as her "act" under the Civil Code. (See Civ. Code, § 1633.9, subd. (a) ["An . . . electronic signature is attributable to a person if it was

11

the act of the person."].) One section of Guitar Center's moving papers bears this title: "Plaintiff's Electronic Signature Must Be Given Legal Effect." The agreement in the record also contemplates employees "ELECTRONICALLY AGREEING" and "ACCEPTING ITS TERMS"—unlike the company, who "agrees to be bound by its terms without signing it."

The trial court's comments at the hearing make clear it was not requiring a signature imprinted on the document, as Guitar Center seems to argue. Rather, the court appropriately looked for evidence of Robertson's assent.

The trial court properly concluded Jaramillo's cursory statements about Robertson's acceptance and sign off were insufficient to close the evidentiary gaps and to establish these two parties agreed to arbitrate. (See *Fabian v. Renovate America, Inc*. (2019) 42 Cal.App.5th 1062, 1069–1070 [affirming order denying arbitration where defendant left a "critical gap" in its evidence by failing to provide specific details about the circumstances surrounding the contract's execution and to explain how the electronic signature could only have been placed on the contract by plaintiff].)

This case is not analogous to *Espejo* and other cases Guitar Center cites. *Espejo*, for example, involved multiple declarations detailing the processes for reviewing and signing the company's agreement and authenticating the former employee's electronic signature, which appeared on the document along with date and time stamps. (*Espejo*, *supra,* 246 Cal.App.4th at pp. 1052–1054, 1062.)

///

## DISPOSITION

We affirm the order denying Guitar Center's motion and award costs to Robertson.

WILEY, J.

We concur:

GRIMES, Acting P. J.

VIRAMONTES, J.